## FRANK MORGAN *et al.* vs. HENRY B. MORGAN.

### NEWPORT—JULY 6, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

M. devised his property to a trustee to pay, from its income, taxes, insurance, repairs, and incumbrances (the latter amounting to $12,000), with a devise over to his son when the property was freed from all incumbrances. On a bill to avoid the trust devise as violating the rule against perpetuities :—

*Held*, that the son took an equitable fee in the property from the death of the testator.

*Held*, further, that the devise to him was equivalent to an immediate fee, subject to the incumbrances, the income not being available to him until the incumbrances were paid. The entire beneficial interest was his, subject to a postponement in the receipt of the income.

*Held*, further, that the present interest (the retention of the income being for the purpose of paying debts) made the trust devise an exception to the rule against perpetuities.

*Held*, further, that the case presented an additional exception to the rule, from the fact that the son received the benefit of the income in the reduction of the incumbrances on his estate.

A demurrer to an entire bill must be overruled if the right to an accounting is left to the complainant after the specific relief prayed for is denied him.

BILL IN EQUITY to avoid a devise in trust alleged to be in violation of the rule against perpetuities.

STINESS, J. The complainants, as devisees and heirs of Frank Morgan, Sr., of Newport, deceased, ask that a devise to the respondent, in trust, by the will of said Frank Morgan, Sr., be declared void, as creating a perpetuity.

The testator gave all his property to the respondent, as trustee, to rent it and from the income to pay taxes, insurance, repairs, and incumbrances, "and when the property is entirely free from all incumbrances, then I give, devise and bequeath to my son, Frank Morgan, Jr., all the land and buildings situated on Broadway, Collins street and West Broadway, adjoining, and not any other real estate on West Broadway, to hold to him, said Frank Morgan, Jr., his heirs and assigns forever." The income of the rest of his property he gave to his daughters, complainants, Mrs. Elliott and Mrs. Muenchinger, for life and then to their children.

At the death of testator there were mortgage incumbrances on real estate amounting to $12,000.

The complainants claim that the trust, to hold the property to pay the mortgage debts out of the net income, violates the rule against perpetuities.

Although the devise to the son Frank is prospective in its terms, we think that it gave an equitable fee from the death of the testator. The law favors the vesting of estates, and this devise was equivalent to an immediate fee, subject to the incumbrances, with the provision that the income should not be available to the devisee until the incumbrances on all the property should be paid. The entire beneficial interest was to go to him and his heirs, subject to a postponement in the receipt of income. In this respect the case is like *Staples* v. *DeWolf*, 8 R. I. 74; *Kelly* v. *Dike*, 8 R. I. 436; *Rogers* v. *Rogers*, 11 R. I. 38.

This being so, the next question is whether the possibility that the net income may not be sufficient to pay the mortgages within the time fixed by law for a perpetuity makes the provision void. Most, if not all, of the cases relied on by the complainant are of the kind where a future estate, beyond the lawful period, is given, which has been held void for remoteness. But in this case a present interest is given, and the retention of income is for the purpose of paying debts. This brings the case within the exception mentioned in 1 Jarman on Wills, *275. "The invalidity of such trusts admits, however, of one exception, namely, where the fund arising therefrom is to be applied in discharge of encumbrances affecting the estate, for then they only provide a particular mode of paying encumbrances, which, in case of a mortgage, the encumbrancer himself might adopt by entering into receipt of the rents and profits, and may at any time be put an end to, either by the owner paying the encumbrance, or the encumbrancer enforcing his claim against the corpus of the property; thus there is no restraint on alienation." In this quotation the word "encumbrancer" is evidently a misprint for "encumbrancee."

Mr. Gray, in The Rule against Perpetuities, § 676, says:

" Income is sometimes directed to be accumulated for the payment of the testator's debts. This gives the creditors an immediate present charge on the property, and they can stop the accumulation at once. The direction to accumulate being, therefore, destructible, is not void for remoteness."

Lord Langdale, Master of the Rolls, in *Bateman* v. *Hotchkin,* 10 Beav. 426, remarked that, while he thought this a very indiscreet mode of raising money for the payment of debts, it did not appear to be unlawful, and that it was mitigated by the power which mortgagees have to enforce payment or foreclose the estate, without regard to the trust for accumulation. See also *Bacon* v. *Proctor,* 1 T. & R. 31, 40; *Tewart* v. *Lawson,* L. R. 18 Eq. 490.

An additional reason for the exception from the rule against perpetuities of a trust to pay off incumbrances appears in the fact that the devisee receives the benefit of the income in the reduction of the incumbrances on his estate.

To this extent, therefore, that the trust is not void as creating a perpetuity, which is the only question made at the hearing and, as we understand it, by the bill, the demurrer would be sustained; but as the demurrer is to the whole bill, and as the complainants are clearly entitled to an account from the trustee, the demurrer must be overruled.

*Charles Acton Ives,* for complainants.

*Frank F. Nolan,* for respondent.